**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:20-cv-00154 |
| | § | |
| 4.620 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATE IN HIDALGO COUNTY, STATE | § | |
| OF TEXAS, FULLER FARMS, A TEXAS | § | |
| GENERAL PARTNERSHIP, | § | |
| *Defendants.* | § | |

## COMPLAINT IN CONDEMNATION

1.      This is a civil action brought by the United States of America at the request of the

Secretary of the Department of Homeland Security, through the Acquisition Program Manager,

Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate,

U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for

the taking of property under the power of eminent domain through a Declaration of Taking, and

for the determination and award of just compensation to the owners and parties in interest.

2.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1358.

3.      The interest in property taken herein is under and in accordance with the authority

set forth in Schedule "A."

4.      The public purpose for which said interest in property is taken is set forth in

Schedule "B."

5.      The legal description and map or plat of land in which certain interests are being

acquired by the filing of this Complaint, pursuant to the Declaration of Taking, are set forth in

Schedules "C" and "D."

6.      The interest being acquired in the property described in Schedules "C" and "D" is set forth in Schedule "E."

7.      The amount of just compensation estimated for the property interest being acquired is set forth in Schedule "F."

8.      The names and addresses of known parties having or claiming an interest in said acquired property are set forth in Schedule "G."

9.      Local and state taxing authorities may have or claim an interest in the property by reason of taxes and assessments due and eligible.

WHEREFORE, Plaintiff requests judgment that the interest described in Schedule "E" of the property described in Schedules "C" and "D" be condemned, and that just compensation for the taking of said interest be ascertained and awarded, and for such other relief as may be lawful and proper.

Respectfully submitted,

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By: *s/Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney
Attorney-in-Charge for Plaintiff
S.D. Tex. ID No. 3135288
Texas Bar No. 24106385
600 E. Harrison Street, Suite 201
Brownsville, Texas 78520
Tel: (956) 983-6057
Fax: (956) 548-2775
E-mail: Baltazar.Salazar@usdoj.gov

# SCHEDULE A

**SCHEDULE A**

AUTHORITY FOR THE TAKING

The property is taken under and in accordance with 40 U.S.C. §§ 3113 and 3114, which authorize the condemnation of land and the filing of a Declaration of Taking; the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, 110 Stat. 3009-546, 3009-554-55, as amended and codified at 8 U.S.C. § 1103(b) & note; and the Act of Congress approved May 5, 2017, as Public Law 115-31, div. F, tit. VI, 131 Stat. 135, which appropriated the funds that shall be used for the taking.

# SCHEDULE B

## **SCHEDULE B**

<u>PUBLIC PURPOSE</u>

The public purpose for which said property is taken is to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.

# SCHEDULE C

## SCHEDULE C

LEGAL DESCRIPTION

Hidalgo County, Texas

Tract:  RGV-MER-4009-1
Owner:  Fuller Farms, a Texas General Partnership
Acres:  4.620

**BEING** a 4.620 acre tract (201,263 square feet) parcel of land, more or less, being out of a called 92.33 acre tract of land conveyed to Fuller Farms (Tract VI), by deed recorded in Volume 2354, Page 771; Deed Records of Hidalgo County (D.R.H.C), Texas, said 4.620 acres (201,263 square feet) parcel of land being more particularly described as follows;

**COMMENCING** at a found 3-1/2" United States Fish and Wildlife Service (USFWS) aluminum monument stamped "TR377 COR 7" having coordinates of N=16550323.582, E=1174803.973, said point being the southeast corner of a called 1.559 acre tract (Tract 378) conveyed to the United States of America by deed recorded in Volume 3092, Page 219 D.R.H.C., said point also being a northeasterly corner of a called 32.972 acre tract (Tract 377) conveyed to the United States of America by deed recorded in Volume 2887, Page 210 D.R.H.C, and on the west line of a called 98.5 acre tract conveyed to R5 Properties, LTD, by deed recorded in  Instrument No. 2005-1516675 D.R.H.C.;

**THENCE** N 00°48'31" E, along the east line of said Tract 378, a distance of 5.31 feet to a point for the northwest corner of the river levee right-of-way ("7-H") conveyed to the United States of America by easement deed recorded in Volume 427, page 278 D.R.H.C.;

**THENCE:** S 64°12'13" E, along the north line of said levee right-of-way ("7-H"), a distance of 73.56 feet to an angle point;

**THENCE:** S 66°09'13" E, along the north line of said levee right-of-way ("7-H"), a distance of 952.50 feet to a set 5/8" rebar with a "B&F Engineering, Inc." aluminum cap stamped "RGV-0-10_5-1=RGV-0-10_5-1-6" for the **POINT OF BEGINNING** and the northwest corner of the herein described proposed acquisition tract, having coordinates of N=16549911.796, E=1175741.468, said point being N 53°10'31" W a distance of 54.64 feet from United States Corps of Engineers Control Point No. H119, said point also being on the west line of said Fuller Farms Tract VI and on the east line of said R5 Properties, LTD tract and the north toe of the levee, said point also being the northwest corner of the river levee right-of-way conveyed to the United States of America by easement deed recorded in Volume 427, page 397 ("6-H") D.R.H.C. and the northeast corner of the river levee right-of-way ("7-H");

**THENCE:** S 80°29'28" E, departing the west line of said Fuller Farms Tract VI and east line of said R5 Properties, LTD tract and along said toe of levee, a distance of 41.44 feet

## SCHEDULE C (Cont.)

to a set 5/8" rebar with a "B&F Engineering, Inc." aluminum cap stamped "RGV-0-10_5-2" for angle;

**THENCE:** N 74°05'02" E, along said toe of levee, a distance of 29.49 feet to a set 5/8" rebar with a "B&F Engineering, Inc." aluminum cap stamped "RGV-0-10_5-3" for angle;

**THENCE:** S 88°51 '32" E, along said toe of levee, a distance of 299.22 feet to a set 5/8" rebar with a "B&F Engineering, Inc." aluminum cap stamped "RGV-0-10 _5-4" for angle;

**THENCE:** N 88°00'36" E, along said toe of levee, a distance of 234.28 feet to a set 5/8" rebar with a "B&F Engineering, Inc." aluminum cap stamped "RGV-0-10 _ 5-5", said point being at the intersection of said toe of levee and the east line of said Fuller Farms Tract VI;

**THENCE:** S 00°55'15" E, departing said toe of levee and along said east line of said Fuller Farms Tract VI, a distance of 16.47 feet to a set 5/8" rebar with a "B&F Engineering, Inc." aluminum cap stamped "RGV-0-10_5-6", said point being on the said north line of the river levee right-of-way ("6-H") and being an interior corner of said Fuller Farms Tract VI;

**THENCE:** S 88°45'37" E, along the northerly line of said Fuller Farms Tract VI and along the north line of said river levee right-of-way ("6-H"), a distance of 368.13 feet to a set 5/8" rebar with a "B&F Engineering, Inc." aluminum cap stamped "RGV-0-10_5-7", said point being the northeast comer of the herein described proposed acquisition tract and said river levee right-of-way ("6-H"), said point being northeasterly comer of said Fuller Farms Tract VI;

**THENCE:** S 00°34'56" E, along the east line of said Fuller Farms Tract VI and the said river levee right-of-way ("6-H"), a distance of 193.26 feet to a set 5/8" rebar with a "B&F Engineering, Inc." aluminum cap stamped "RGV-0-10_5-8" for the southeast comer of the herein described proposed acquisition tract;

**THENCE:** S 89°55' 10" W, departing said east line of said Fuller Farms Tract VI and said river levee right-of-way ("6-H"), passing the south line of said river levee right-of-way ("6-H") at a distance of 292.71 feet, continuing in all, a distance of 439.03 feet to a set 5/8" rebar with a "B&F Engineering, Inc." aluminum cap stamped "RGV-0-10_5-8A" for a point of tangent;

**THENCE:** S 89°55'10" W, a distance of 439.03 feet to a set 5/8" rebar with a "B&F Engineering, Inc." aluminum cap stamped "RGV-0-10_5-9" for angle;

**THENCE:** N 87°16'23" W, a distance of 66.52 feet to a set 5/8" rebar with a "B&F Engineering, Inc." aluminum cap stamped "RGV-0-10_5-10" for angle;

## SCHEDULE C (Cont.)

**THENCE:** N 83°10'17" W, a distance of 26.62 feet to a set 5/8" rebar with a "B&F Engineering, Inc." aluminum cap stamped "RGV-0-10_5-11=RGV-0-105-1-7" for the southwest corner of the herein described proposed acquisition tract, said point being on the west line of said Fuller Farms Tract VI, the east line of said R5 Properties, LTD tract, south line of said river levee right-of-way ("6-H"), and east line of said river levee right-of-way ("7-H");

**THENCE:** N 00°30'37" W, along the west line of said Fuller Farms Tract VI and the east line of said RS Properties, LTD tract, passing at 9.17 feet the southwest corner of the river levee right-of-way ("6-H"), continuing in all a distance of 209.17 feet to the **POINT OF BEGINNING** and containing 4.620 acre (201,263 square feet) of land, more or less.

# SCHEDULE D

# SCHEDULE D

## MAP or PLAT

### LAND TO BE CONDEMNED



## SCHEDULE D (Cont.)

| DESCRIPTION | NORTHING | EASTING |
|---|---|---|
| RGV O-10_5-1=RGV O-10_5-1-6 | 16549911.796 | 1175741.468 |
| RGV O-10_5-2 | 16549904.950 | 1175782.337 |
| RGV O-10_5-3 | 16549913.037 | 1175810.697 |
| RGV O-10_5-4 | 16549907.078 | 1176109.858 |
| RGV O-10_5-5 | 16549915.214 | 1176343.996 |
| RGV O-10_5-6 | 16549898.750 | 1176344.261 |
| RGV O-10_5-7 | 16549890.786 | 1176712.300 |
| RGV O-10_5-8 | 16549697.536 | 1176714.264 |
| RGV O-10_5-8A | 16549696.918 | 1176275.238 |
| RGV O-10_5-9 | 16549696.300 | 1175836.212 |
| RGV O-10_5-10 | 16549599.466 | 1175769.764 |
| RGV-O-10_5-11=RGV-O-10_5-1-7 | 16549702.631 | 1175743.331 |

GENERAL SURVEYOR'S NOTES:

1. THE BEARINGS, DISTANCES AND COORDINATE VALUES SHOWN HEREON ARE BASED ON THE TEXAS STATE PLANE COORDINATE SYSTEM, REFERENCED TO NAD 83(2011), TX SOUTH ZONE(4205), US SURVEY FEET, USING THE CORS(2011) ADJUSTMENT. THE DISTANCES AND COORDINATES SHOWN HEREON ARE GRID VALUES AND MAY BE CONVERTED TO GROUND (SURFACE) USING THE TXDOT COUNTY PUBLISHED COMBINED SCALE FACTOR OF 1.000040000 (E.G. GRID X 1.000040000 = SURFACE).
2. A SEPERATE METES AND BOUNDS DESCRIPTION OF EQUAL DATE WAS WRITTEN IN CONJUNCTION WITH THIS SURVEY PLAT.
3. THE SQUARE FOOTAGE TOTAL RECITED HEREIN IS BASED ON MATHEMATICAL CALCULATIONS AND SUBJECT TO THE RULES OF ROUNDING AND SIGNIFICANT NUMBERS.
4. THE REMAINING ACREAGE OF THE PARENT TRACT WAS CALCULATED FROM THE RECORDED INSTRUMENTS AND IS NOT BASED ON FIELD DIMENSIONS.
5. FIELD SURVEY WAS COMPLETED IN NOVEMBER, 2018.
6. THIS SURVEY WAS PREPARED WITHOUT THE BENEFIT OF A TITLE COMMITMENT.
7. B&F ENGINEERING, INC. HAS PROVIDED THESE SURVEY SERVICES TO THE CORPS OF ENGINEERS AS THE PRIME CONSULTANT. THE CORP'S CONTRACTING OFFICER'S REPRESENTATIVE IS STEPHEN CORLEY, RPLS (817) 886-11453.
8. LONE STAR 811 UTILITY LOCATE REQUEST WAS SUBMITTED FOR THIS SURVEY ON SEPTEMBER 26, 2018 (TICKET NO. 1876859837).

| METES & BOUNDS SURVEY FULLER FARMS TRACT No. RGV O-10_5 | | BY | DATE |
|---|---|---|---|
| | Drawn | RLS | 05/19 |
| | Checked | DWG | 05/19 |
| | Surveyor | JJB | 11/18 |
| HIDALGO COUNTY TEXAS | | | |

CONTRACT NO.: W9127S-14-D-0013
T.O.: W9127S16F0111

ENGINEERING, INC.
B&F

US Army Corps of Engineers

Drawing Ref. No.
SHEET 6 OF 7

## SCHEDULE D (Cont.)



Tract: RGV-MER-4009-1
Owner: Fuller Farms, a Texas General Partnership
Acres: 4.620

# SCHEDULE E

**SCHEDULE E**

ESTATE TAKEN

Hidalgo County, Texas

Tract:  RGV-MER-4009-1
Owner:  Fuller Farms, a Texas General Partnership
Acres:  4.620

      The estate taken is fee simple, subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to all interests in minerals and appurtenant rights for exploration, development, production and removal of said minerals;

      Reserving to the owners of the lands identified in Volume 2354, Page 771; Deed Records of Hidalgo County (D.R.H.C.) reasonable access to and from the owners' lands lying between the Rio Grande River and the border barrier through gate Fuller Ramp O-10_5 in the border barrier depicted on the map below;

      Excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation and maintenance of the border barrier.

**SCHEDULE E (Cont.)**



# SCHEDULE F

**<u>SCHEDULE F</u>**

<u>ESTIMATE OF JUST COMPENSATION</u>

The sum estimated as just compensation for the land being taken is SIX THOUSAND,

SIX HUNDRED, FIFTY-THREE DOLLARS AND NO/100 ($6,653.00), to be deposited

herewith in the Registry of the Court for the use and benefit of the persons entitled thereto.

# SCHEDULE G

## SCHEDULE G

## INTERESTED PARTIES

The following table identifies all persons who have or claim an interest in the property condemned and whose names are now known, indicating the nature of each person's property interest(s) as indicated by references in the public records and any other information available to the United States.  *See* Fed. R. Civ. P. 71.1(c).

| Interested Party | Reference |
|---|---|
| **Fuller Farms, a Texas General Partnership**<br>**c/o A.C. Fuller and Marvin Fuller, General Partners**<br>█████████████ .<br>Weslaco, Texas  78596 | **RGV-MER-4009-1**<br>Warranty Deed, Document # 1986-185122, Volume 2354, Page 711, Recorded October 22, 1986, Deed Records of Hidalgo County, Texas;<br>Deed Without Warranty, Document # 2003-1251170, Recorded October 23, 2003, Deed Records of Hidalgo County, Texas. |
| **Hidalgo County Tax Assessor-Collector**<br>Pablo (Paul) Villarreal, Jr.<br>2804 S. Business Hwy 281<br>Edinburg, TX 78539 | **RGV-MER-4009-1**<br>**Account Number:  J150000054052B00**<br>**Appraisal District Number:  198460** |

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)   PLAINTIFFS

## DEFENDANTS

**(b)**   County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
      Plaintiff

☐ 3   Federal Question
      *(U.S. Government Not a Party)*

☐ 2   U.S. Government
      Defendant

☐ 4   Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
      Proceeding

☐ 2   Removed from
      State Court

☐ 3   Remanded from
      Appellate Court

☐ 4   Reinstated or
      Reopened

☐ 5   Transferred from
      Another District
      *(specify)*

☐ 6   Multidistrict
      Litigation -
      Transfer

☐ 8   Multidistrict
      Litigation -
      Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☐ Yes   ☐No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.