Case 7:20-cv-00154   Document 31   Filed on 01/04/21 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
January 04, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:20-cv-00154 |
| 4.620 ACRES OF LAND, more or less, in HIDALGO COUNTY, TEXAS; and FULLER FARMS, | § | Lead Case |
| Defendants. | § | |
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:20-cv-00170 |
| 8.570 ACRES OF LAND, more or less, in HIDALGO COUNTY, TEXAS; and FULLER FARMS, | § | Member Case |
| Defendants. | § | |

## ORDER

The Court now considers the parties' "Joint Motion for Entry of Stipulated Protective Order."[1] "The district court may, for good cause, issue a protective order to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'"[2] However, "[t]he federal courts have superimposed a somewhat demanding balancing of interests approach to the Rule."[3] The good cause standard and the balancing of interests approach calls for more than a mere request; "[t]he burden is upon [the party seeking the protective order] to show the

---

[1] Dkt. No. 30.
[2] *In re Leblanc*, 559 F. App'x 389, 392 (5th Cir. 2014) (quoting FED. R. CIV. P. 26(c)).
[3] *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016) (quotation omitted).

necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[4] Entering a protective order absent a particularized demonstration of good cause may constitute an abuse of discretion.[5]

In the parties' brief motion, they offer only a single paragraph offering justifications for a broad protective order:

> In the course of discovery, the United States has identified documents that contain confidential information or highly confidential information that may be discoverable in this consolidated case. The United States agrees to disclose this information in discovery to Defendant, subject to entry of a protective order, to which the parties have stipulated.[6]

The Court finds the parties' argument conclusory because it identifies no facts or explanations for why the information at issue is either confidential or highly confidential or why it should remain so. The Court holds that the parties have failed to demonstrate the good cause necessary to the issuance of a protective order under Federal Rule of Civil Procedure 26(c). Accordingly, the Court **DENIES** the joint motion for a protective order[7] without prejudice.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 4th day of January 2021.

_____
Micaela Alvarez
United States District Judge

---

[4] *In re Leblanc*, 559 F. App'x at 392 (second alteration in original) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)).
[5] *See In re Terra Int'l*, 134 F.3d at 306.
[6] Dkt. No. 30 at 2, ¶ 4.
[7] Dkt. No. 30.