IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br><br>v.<br><br>4.620 ACRES OF LAND, MORE OR LESS, SITUATE IN HIDALGO COUNTY, STATE OF TEXAS, AND FULLER FARMS, A TEXAS GENERAL PARTNERSHIP,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 7:20-cv-00154<br>(LEAD CASE)<br><br>TRACT RGV-MER-4009-1 |
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br><br>v.<br><br>8.570 ACRES OF LAND, MORE OR LESS, SITUATE IN HIDALGO COUNTY, STATE OF TEXAS, AND FULLER FARMS, A TEXAS GENERAL PARTNERSHIP,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 7:20-cv-00170<br>(MEMBER CASE)<br><br>TRACTS RGV-MER-3002-1 AND RGV-MER-3002-2 |

**RENEWED JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

Plaintiff, United States of America ("United States") and Landowner Defendant Fuller Farms (collectively, "the parties") jointly file this Renewed Joint Motion for Entry of Stipulated Protective Order.

**BACKGROUND**

1. On June 11, 2020, the United States of America ("United States") commenced Civil Action No. 7:20-cv-00154 against Fuller Farms, a Texas General Partnership ("Defendant") to acquire a fee interest in a 4.620. acre tract of land identified as tract RGV-MER-4009-1, for purposes of the Border Infrastructure Project.[1]

---
[1] Dkts. 1 & 2 in 7:20-cv-00154.

2. On June 24, 2020, the United States commenced Civil Action No. 7:20-cv-00170 against Defendant to acquire a fee estate in 8.570 acres of land, more or less, identified as tracts RGV-MER-3002-1 and RGV-MER-3002-2.[2]

3. On December 17, 2020, the Court ordered Civil Action Nos. 7:20-cv-00154 and 7:20-cv-00170 to be consolidated under lead case 7:20-cv-00154.[3]

4. On January 9, 2021, the United States filed an Amended Complaint in Condemnation[4] and First Amended Declaration of Taking[5] to clarify and update the legal description and plat for Tract RGV-MER-3002-2.[6]

5. On January 20, 2021, President Joseph R. Biden executed Presidential Proclamation No. 10142, terminating the national emergency at the Southern Border Wall and directing "a careful review of all resources appropriated or redirected to construct a southern border wall" through the development of "a plan for the redirection of funds concerning the southern border wall."[7] The plan for the redirection of funds concerning the southern border wall is expected to be developed within 60 days from the date of the proclamation.[8]

6. The United States conferred with Fuller Farms after the entry of Presidential Proclamation No. 10142 to determine Fuller Farms' intended litigation posture in this case pending the development of a plan redirecting funds related to border wall construction. Fuller Farms intends to move forward with resolving the issue of just compensation as to Tracts RGV-MER-

---

[2] Dkts. 1 & 2 in 7:20-cv-00170.
[3] Dkt. 28 in 7:20-cv-00154.
[4] Dkt. 32.
[5] Dkt. 33.
[6] Dkts. 32 at 2-3, ¶5; 33 at 2-3 (a)-(b).
[7] Pres. Proc. No. 10142, 86 Fed. Reg. 7225 (Jan. 20, 2021), https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/proclamation-termination-of-emergency-with-respect-to-southern-border-of-united-states-and-redirection-of-funds-diverted-to-border-wall-construction/.
[8] *Id.*

4009-1, RGV-MER-3002-1, and RGV-MER-3002-2. The United States will continue to move forward with discovery; however, the United States does not know at this time if it will ultimately be allowed to continue with this matter pursuant to the uses stated in Schedule B of the Complaint in Condemnation[9] and Declaration of Taking[10], or if revestment of a portion of the estate taken, or all of the estate taken will be required once guidance is received regarding the 60 day pause in construction.

7. Fuller Farms contends that the United States does not have the option to revest the estates taken in this consolidated case without the consent of Fuller Farms. Fuller Farms further contends that the United States has no choice but to continue with this case regardless of any Presidential proclamation since it has taken land belonging to Fuller Farms which are entitled to compensation for this taking. Fuller Farms contends the declaration of taking acted as a conveyance of fee interest in the properties. Fuller Farms further contends that the estate taken includes a border wall fence that was previously constructed on a levee flood control easement where Fuller Farms owned the fee estate encumbered by the flood control easement. Fuller Farms contends that the flood control levee easement did not allow construction of the border wall. As a result, Fuller Farms contends that it owned the border wall improvements constructed on its property at the time of the takings in this case because the border wall was not a flood control improvement. Fuller Farms further contends that it is entitled to be compensated for the value of these border fence improvements taken in this action.

8. Based on the foregoing, the parties continue to engage in discovery on the issue of just compensation and file this Renewed Motion for Entry of Stipulated Protective Order.

---

[9] Dkt. 1 in Lead Case 7:20-cv-154 and Member Case 7:20-cv-170.
[10] Dkt. 2 in Lead Case 7:20-cv-154 and Member Case 7:20-cv-170.

## REQUEST FOR ENTRY OF STIPULATED PROTECTIVE ORDER

9. The Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including…requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]"[11] The party seeking the protective order bears the burden of showing "the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[12]

10. In the context of Federal Rule of Civil Procedure 26(c), good cause exists to grant the parties' request for entry of the Stipulated Protective. To meet its burden of proof in this action[13], Landowner Fuller Farms has requested production of documents from the United States of material that is confidential and/or highly confidential and unprotected disclosure would be harmful to national security. In particular, Landowner Fuller Farms has requested production of documents from the United States of construction plans of border infrastructure which contain information that could compromise national security if publicly disclosed because construction plans contain sensitive information—regarding constructing, installing, operating, and maintaining roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures—warranting protection from unrestricted disclosure under a protective order under Rule 26(c)(1)(G). The United States agrees to produce to Fuller Farms non-privileged, unredacted construction plans, subject to entry of the attached Stipulated Protective Order. The parties agree that under the attached Stipulated Protective Order, material, such as the construction plans

---

[11] Fed. R. Civ. P. 26(c)(1)(G).
[12] *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998); *see also* Dkt. 31 at 2.
[13] "In land condemnation cases, the landowner has the burden of establishing the value of the property to be condemned." *United States v. 30.00 Acres of Land*, 2020 WL 1854189, at *2 (citing *United States v. 62.50 Acres*, 953 F.2d 886, 890 (5th Cir. 1992)).

requested by Fuller Farms, which contain sensitive information that could compromise national security if publicly disclosed to the public, will be classified as "Highly Confidential."

11.   Furthermore, Landowner Fuller Farms has requested production of documents from the United States of identifying and financial information relating to third parties not participating in this action. The material Fuller Farms requests from the United States is regarding a pre-existing concrete wall with steel-bollard beams ("bollard wall") erected on the land taken from Fuller Farms in this condemnation action. To utilize the bollard wall for border security purposes defined in Schedule B of the Complaint in Condemnation[14] and Declaration of Taking[15], the United States acquired the underlying fee interest owned by Fuller Farms as part of this condemnation action. The United States contends the pre-existing bollard wall on the land taken from Fuller Farms was constructed for flood control purposes as part of the Rehabilitation and Reconstruction of Flood Control Levees in the Lower Rio Grande Flood Control Project within the County of Hidalgo, Texas. Fuller Farms contends the pre-existing bollard wall is border fence, constructed by the United States for border security purposes. As such, Fuller Farms has requested cost of construction information for the pre-existing bollard wall where it lies on land taken from Fuller Farms, which cost information will be used by Fuller Farms' appraiser in determining the value of the improvements taken. The construction information requested by Fuller Farms is contained within various agency records and databases—including memorandums of agreement regarding flood control construction project(s) and financial information between agencies regarding the pre-existing bollard wall—some of which are in possession of the named Plaintiff and/or counsel of record.[16] The United States agrees to produce

---

[14] Schedule "B," Dkt. 1 in Lead Case 7:20-cv-154 and Member Case 7:20-cv-170.
[15] Schedule "B," Dkt. 2 in Lead Case 7:20-cv-154 and Member Case 7:20-cv-170.
[16] The United States commenced this action under the power of eminent domain through a Complaint in Condemnation and Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the

to Fuller Farms non-privileged unredacted record and (where appropriate and allowable by law) identifying information and financial documents, subject to entry of the attached Stipulated Protective Order under Rule 26(c)(1)(G). The parties agree that under the attached Stipulated Protective Order, material, such as records regarding the pre-existing bollard wall, containing identifying and financial information of third parties not participating in this action, will be classified as "Confidential."

12. Lastly, the parties intend the proposed Stipulated Protective Order to be effective and enforceable upon entry by the Court under Rule 26(c)(1)(G). However, until the Court finds good cause exists for this joint motion and enters a protective order, the parties agree to treat any disclosure of information that would be covered by the proposed protective order as though the Stipulated Protective Order had been entered and all of its terms shall be effective and enforceable between the parties unless the Court denies the relief sought.

13. Accordingly, the parties respectfully request that the Court grant this joint motion, and enter the proposed Stipulated Protective Order attached hereto, pursuant to Federal Rule of Civil Procedure 26(c)(1)(G).

## PRAYER

The parties pray the Court grants this Renewed Motion for Entry of Stipulated Protective Order and signs the proposed Stipulated Protective Order attached hereto.

---

Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security. Schedule "A," Dkts. 1 & 2 in Lead Case 7:20-cv-154; Schedule "A,"Dkts. 1 & 2 in Member Case 7:20-cv-170.

Respectfully submitted,

**FOR DEFENDANT:**

**FOR PLAINTIFF:**

RYAN K. PATRICK
United States Attorney
Southern District of Texas

*/s/ Lance A. Kirby with permission*
**LANCE A. KIRBY**
S.D. Tex. ID No. 21811
Texas Bar No. 00794096
Email: lakirby@jgkl.com
Attorney-in-Charge for
Defendant Fuller Farms
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 West Pike Blvd., Suite 300
Weslaco, Texas 78596
Telephone: (956) 968-5402
Facsimile (956) 969-9402

By: *s/ Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney
Attorney-in-Charge
S.D. Tex. ID. No. 3135288
Texas Bar No. 24106385
**UNITED STATES ATTORNEY'S OFFICE**
**SOUTHERN DISTRICT OF TEXAS**
600 E. Harrison, Suite 201
Brownsville, Texas 78520
Telephone: (956) 983-5067
Facsimile: (956) 548-2775
Email: Baltazar.Salazar@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on February 10, 2021, a copy of the foregoing document was served on counsel for Defendant via CM/ECF notice of electronic filing.

*s/ Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney