Case 7:20-cv-00154   Document 38   Filed on 02/12/21 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
February 12, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-cv-00154 |
| | § | |
| 4.620 ACRES OF LAND, more or less, in HIDALGO COUNTY, TEXAS; and FULLER FARMS, | § § § | Lead Case |
| | § | |
| Defendants. | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-cv-00170 |
| | § | |
| 8.570 ACRES OF LAND, more or less, in HIDALGO COUNTY, TEXAS; and FULLER FARMS, | § § § | Member Case |
| | § | |
| Defendants. | § | |

# **ORDER**

The Court now considers the parties' "Renewed Joint Motion for Entry of Stipulated protective order."[1] On January 4, 2021, the Court denied the parties' joint motion for a protective order without prejudice because the motion lacked substantiation.[2] The instant motion is the parties' second attempt. The parties seek to enter a protective order for two main categories of information: (1) the border infrastructure details, and (2) financial information from third parties not participating in this case.[3]

---

[1] Dkt. No. 37.
[2] Dkt. No. 31.
[3] *See* Dkt. No. 37 at 4–5, ¶¶ 10–11.

With respect to the border infrastructure details, Defendant Fuller Farms seeks to meet its burden of proof to establish the value of the property to be condemned by establishing that it owned the "border wall fence that was previously constructed on a levee flood control easement" prior to the United States' filing of its declaration of taking.[4] Defendant therefore seeks to understand the United States' border infrastructure plans and operations to establish its ownership of the border wall improvements constructed on its property.[5] The United States agrees to produce its construction plans, subject to a protective order, because the information will reveal the installation, operation, and maintenance details of the border security infrastructure (including fencing, cameras, and sensors), which the United States contends would be harmful to national security if disclosed to unauthorized third parties.[6]

With respect to the financial information of third parties, Defendant Fuller Farms contends that a bollard wall on its property is relevant to "determining the value of the improvements taken," so Defendant seeks financial information contained in agency records and databases regarding the bollard wall. The United States agrees to produce the identifying information and financial documents, subject to a protective order.[7]

"The district court may, for good cause, issue a protective order to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,'" and in particular the Court may require that "confidential research, development, or commercial information not be revealed or be revealed only in a specified way."[8] However, "[t]he federal courts have superimposed a somewhat demanding balancing of interests approach to the Rule."[9]

---

[4] Dkt. No. 37 at 3, ¶ 7.
[5] *Id.* at 3–4, ¶¶ 7, 10.
[6] *Id.* at 4, ¶ 10.
[7] *Id.* at 5–6, ¶ 11.
[8] FED. R. CIV. P. 26(c)(1)(G).
[9] *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016) (quotation omitted).

The good cause standard and the balancing of interests approach calls for more than a mere request; "[t]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[10] Entering a protective order absent a particularized demonstration of good cause may constitute an abuse of discretion.[11]

The Court finds good cause in the parties' request for a protective order with respect to the border infrastructure details. Obviously, public disclosure of such information could lead to criminal circumvention and countermeasures deployed against the border security infrastructure, or could reveal secret technical information, either of which could undermine the national security interests of the United States. However, the Court does not find good cause for a protective order with respect to the financial information of third parties. The parties describe the relevant information as agency records "including memorandums of agreement regarding flood control construction project(s) and financial information between agencies regarding the pre-existing bollard wall" which were "part of the Rehabilitation and Reconstruction of Flood Control Levees in the Lower Rio Grande Flood Control Project within the County of Hidalgo, Texas."[12] The joint motion does not establish that the information sought would not be otherwise available as public agency records under the Freedom of Information Act,[13] or that such records expose sensitive nonpublic information. The parties do not explain why the information should remain confidential and subject to a protective order.[14]

The Court accordingly enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c):

---

[10] *In re Leblanc*, 559 F. App'x at 392 (second alteration in original) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)).
[11] *See In re Terra Int'l*, 134 F.3d at 306.
[12] Dkt. No. 37 at 5, ¶ 11.
[13] 5 U.S.C. § 552.
[14] *See supra* note 10.

**1. Proceedings and Information Governed.**

This protective order applies to any document, information, or other tangible or intangible thing (collectively, "documents") disclosing border infrastructure details that are furnished by a party to any other party, as well as documents furnished by non-parties who receive subpoenas in connection with this action, if and when the documents are designated by a party or non-party as "Confidential Information" or "Highly Confidential Information" in accordance with the terms of this protective order. This protective order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

**2. Designation and Maintenance of Documents and Information.**

   **A.** "Confidential Information" designation means that the document contains information not publicly known and deemed by the producing party to require limited disclosure to protect financial or security interests.

   **B.** "Highly Confidential Information" designation means that the document contains information that the producing party deems especially sensitive, which may include, but is not limited to, law enforcement sensitive information, technical information, and any other highly sensitive information, the confidentiality of which is necessary to protect the national security interests of the United States.

   **C.** "Confidential Information" and "Highly Confidential Information" does not include, and this protective order does not apply to, documents already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by an agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

**3. Documents Produced in Discovery and Depositions.**

**A.** Documents and things produced during the course of this litigation within the scope of paragraph 2.A above may be designated by the producing party as containing "Confidential Information" by placing on each page and each thing a legend substantially as follows:

"CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER"

Documents and things produced during the course of this litigation within the scope of paragraph 2.B above may be designated by the producing party as containing "Highly Confidential Information" by placing on each page and each thing a legend substantially as follows:

"HIGHLY CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER"

**B. Depositions**

**(i)** For deposition testimony or exhibits to be entitled to protection under this Order, a party must designate the testimony and exhibits disclosed at a deposition as "Confidential Information" or "Highly Confidential Information" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.

**(ii)** If no such designation is made at the time of the deposition, any party has fourteen (14) days after delivery by the court reporter of the transcript of the deposition testimony to designate, in writing to the other parties and to the court reporter, what portions of the transcript and which exhibits the party designates as "Confidential Information" and "Highly Confidential Information."

**(iii)** During the transcription and following fourteen (14) day period after a deposition session, the transcript and exhibits must be treated as Highly Confidential Information, unless the disclosing party consents to less confidential treatment of the information.

**(iv)** Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated

in accordance with this protective order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Highly Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this protective order.

**(v)** If no such designation is made at the deposition or within the fourteen (14) day period following delivery of the transcript, then the entire deposition will be considered devoid of Confidential Information or Highly Confidential Information.

**4. Inadvertent Failure to Designate.**

**A.** The inadvertent failure to designate documents as ""Confidential Information" or "Highly Confidential Information" will not be a waiver of a claim that the document contains confidential information, and will not prevent the producing party from designating such information as confidential at a later date in writing, so long as the designation is done with particularity.

**B.** In the event a producing party late designates a document as "Confidential Information" or "Highly Confidential Information," the document must be treated by the receiving party as confidential from the time of receipt of the notice of the "Confidential Information" or "Highly Confidential Information" designation.

**5. Challenges to Designations.**

A party's designation of documents "Confidential Information" or "Highly Confidential Information" is not binding if the procedures below are followed:

**A.** A receiving party may challenge a producing party's designation at any time. Any receiving party may request in writing that the producing party change the designation. The producing party within fourteen (14) days after receipt of a written challenge, must advise the receiving party whether it will change the designation.

B. If the parties are unable to reach agreement after the expiration of this fourteen (14) day period, they shall confer. If after conference, they cannot resolve the issue, the receiving party may seek an order from the Court to alter the confidential status of the designated information.

C. Until the Court has ruled on a dispute under this section, the "Confidential Information" or "Highly Confidential Information" designation will remain in full force and effect, and the document continues to be protected by this protective order.

**6. Disclosure and Use of Confidential Information.**

A. Information designated as "Confidential Information" or "Highly Confidential Information" may only be used for purposes of preparation, trial, and appeal of this action. "Confidential Information" or "Highly Confidential Information" may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

B. "Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this protective order: (a) persons who are parties to this lawsuit; (b) counsel of record for the receiving party; (c) supporting personnel employed by counsel for the receiving party, such as paralegals, legal secretaries, and legal clerks; (d) subject to the provisions of paragraph 6.D, experts or consultants; and (e) subject to the provisions of paragraph 6.D, any persons requested by counsel to furnish services such as photocopying services, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

C. "Highly Confidential Information" shall be subject to all of the protections afforded to "Confidential Information," in addition to the following protections: The receiving party shall maintain a record of any individual who has inspected any portion of the "Highly

Confidential Information" in electronic or paper form. The receiving party shall maintain all paper copies of any printed portions of the "Highly Confidential Information" in a secured, locked area. The receiving party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.

**D.** Further, prior to disclosing "Confidential Information" or "Highly Confidential Information" to a receiving party's proposed expert or consultant the receiving party must provide to the producing party a signed Confidentiality Agreement in the form provided by the parties.[15] The receiving party shall maintain a log which documents every individual, outside receiving party's attorneys and their professional staff that has viewed documents and records turned over through this lawsuit. The receiving party's log shall be available for presentation to the Court upon the Court's request or upon the request of the party disclosing "Confidential Information" or "Highly Confidential Information."

**7. Non-Party Information.**

The existence of this protective order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this protective order.

**8. Filing Documents with the Court.**

---

[15] Dkt. No. 37-1 at 7–10 (exhibit A for expert consultants and employees and exhibit B for vendors).

Any party may submit Confidential Information to the court by designating the document "Highly Sensitive Document" in accordance with this Court's General Order 2021-3[16] and hand-delivering the document for filing by the Clerk's Office. Such Highly Sensitive Document shall not be filed electronically.

9. **No Prejudice.**

Producing or receiving "Confidential Information" or "Highly Confidential Information," or otherwise complying with the terms of this protective order, will not: (a) prejudice the rights of the receiving party to object to the producing party's designation of any information as "Confidential Information" or "Highly Confidential Information" under the terms of this order; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this protective order with respect to any particular information or material.

10. **Conclusion of Litigation.**

Within sixty (60) days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this protective order is under an obligation to destroy or return to the producing party all materials and documents containing "Confidential Information" or "Highly Confidential Information," and to certify to the producing party that this destruction or return has been done.

11. **Other Proceedings.**

---

[16] *In Re: Procedures for the Filing, Service, and Management of Highly Sensitive Documents ("HSDs")*, Gen. Order No. 2021-3 (S.D. Tex. Jan. 19, 2021), https://www.txs.uscourts.gov/file/5820/download?token=KYfgTxjN.

By entering this protective order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this protective order who may be subject to a motion to disclose another party's information designated "Confidential" or "Highly Confidential" pursuant to this protective order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed in the other case.

**12. Remedies.**

This protective order is subject to Federal Rule of Civil Procedure 37 and any other sanctions and powers available to the Court.

**13. Relief from Protective Order.**

Any party may petition the Court for good cause shown if the party desires relief from a term or condition of this protective order.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 12th day of February 2021.

                                                Micaela Alvarez
                                       United States District Judge