United States District Court
Southern District of Texas
**ENTERED**
March 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-cv-00154 |
| | § | |
| 4.620 ACRES OF LAND, more or less, in HIDALGO COUNTY, TEXAS; and FULLER FARMS, | § | Lead Case |
| | § | |
| Defendants. | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-cv-00170 |
| | § | |
| 8.570 ACRES OF LAND, more or less, in HIDALGO COUNTY, TEXAS; and FULLER FARMS, | § | Member Case |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers "Defendant's Emergency Motion to Compel Plaintiff to Adequately Respond to Discovery,"[1] Plaintiff United States' response,[2] and Defendant's reply.[3] After considering the motion, record, and relevant authorities, the Court **DENIES** Defendant's motion.

---

[1] Dkt. No. 39.
[2] Dkt. No. 41.
[3] Dkt. No. 42.

I. **BACKGROUND AND PROCEDURAL HISTORY**

This eminent domain case commenced on June 11, 2020.[4] In the Court's December 2020 order to consolidate this case with its member case, the Court also issued a scheduling order setting the deadline, *inter alia*, for "all parties to designate rebuttal expert witnesses and provide expert reports" on March 22, 2021.[5] Pursuant to the Court's scheduling order,

> Defendant [Fuller Farms] asserts that it served interrogatories on Plaintiff on January 6, 2021, Plaintiff responded with only objections on February 19th, and the parties attempted to resolve the dispute on February 24th but were unsuccessful. Five days later, Defendant filed the instant motion to compel Plaintiff to respond to discovery . . . .[6]

The Court ordered Plaintiff United States' response to be filed by March 11, 2021.[7] Plaintiff's response was timely filed.[8] The instant motion is now submitted for consideration.[9] The Court turns to its analysis.

II. **DISCUSSION**

   a. **Legal Standard**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[10] Relevancy, in this context, is an undemanding standard and includes even "background information" that would be inadmissible at trial.[11] "A party may move to compel production of materials that are within the scope of discovery and have been requested but not received."[12] Before moving to compel discovery, parties must attempt to resolve the issue and the movant must file a certification

---

[4] Dkt. No. 1.
[5] Dkt. No. 29 at 3.
[6] Dkt. No. 40 at 1–2 (citing Dkt. No. 39 at 2, ¶¶ 3–4).
[7] Dkt. No. 40 at 2.
[8] Dkt. No. 41.
[9] Dkt. No. 40 at 2, n.5.
[10] FED. R. CIV. P. 26(b)(1).
[11] *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 n.8 (5th Cir. 1973).
[12] *Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009); *see* FED. R. CIV. P. 37(a)(3)(B).

regarding the attempt.[13] Although some district courts have applied a burden shifting framework wherein the movant must first show that the information sought is relevant and the nonmovant must then show why discovery should not be permitted,[14] this Court is bound by Fifth Circuit precedent holding that the party resisting discovery must show in the first instance a valid objection to escape the presumptive discovery requirement.[15] "In order to raise a successful objection, the party resisting discovery must show specifically how each discovery request is not relevant or how each question is overly broad, burdensome, or oppressive."[16] A valid objection must be backed by evidence and cannot be shown by boilerplate complaints of undue burden or that a discovery request was overly broad.[17]

"[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."[18] "The candor required is a candid statement of the information

---

[13] *See* FED. R. CIV. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").

[14] *See Marin v. Gilberg*, No. V-07-62, 2009 U.S. Dist. LEXIS 13268, at *4 (S.D. Tex. Feb. 19, 2009) (Rainey, J.); *Spiegelberg Mfg. v. Hancock*, No. 3-07-CV-1314-G, 2007 U.S. Dist. LEXIS 88987, at *4–5 (N.D. Tex. Dec. 3, 2007) (collecting cases).

[15] *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)) (explaining why the burden-shifting framework is not controlling law); *Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 729 n.9 (5th Cir. 2018) (citing *Quarles*, 894 F.2d at 1485 for the proposition that a party must have a valid objection to escape the production requirement); *Carr v. State Farm Mut. Auto. Ins.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) ("[T]he amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic allocation of the burden on the party resisting discovery to—in order to . . . successfully resist a motion to compel—specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of proper discovery (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable.").

[16] *Gomez v. Nationwide Prop. & Cas. Ins. Co.*, No. 5:15-CV-67, 2016 U.S. Dist. LEXIS 198256, at *6 (S.D. Tex. Feb. 26, 2016) (Quiroga, J.) (citing *Quarles*, 894 F.2d at 1485); *cf. O'Bryant v. Walgreen Co.*, 802 F. App'x 826, 833 (5th Cir. 2020) (per curiam) (citing *Quarles*, 894 F.2d at 1485).

[17] *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014); *see Bankdirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2017 U.S. Dist. LEXIS 146907, at *4–5 (N.D. Ill. Sep. 12, 2017) (collecting cases); *Kleppinger v. Tex. Dep't of Transp.*, No. 5:10-cv-124, 2013 U.S. Dist. LEXIS 197897, at *5 (S.D. Tex. Jan. 3, 2013) (Hacker, J.) (collecting cases); *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470–71 (N.D. Tex. 2005) (quoting *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999)) ("When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under FED. R. CIV. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.").

[18] FED. R. CIV. P. 37(a)(4).

sought or of the fact that objection is made to furnishing the information. A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive."[19] "The scope of discovery to be conducted in each case rests within the sound discretion of the district court."[20] The Court generally must award attorneys' fees and expenses incurred by a successful motion to compel[21] "unless the failure was substantially justified or is harmless."[22] "Substantial justification does not mean justified to a high degree but rather justified to a degree that could satisfy a reasonable person. The burden is on the losing party to establish that the party's position was substantially justified."[23]

      **b. Analysis**

The United States' taking in this case encompasses a more or less rectangular tract of land owned by Defendant.[24] Cutting through the middle of the rectangle is a "bollard wall" that the parties agree was built upon a flood control easement running through the tract.[25] The United States contends Defendant "owned an encumbered fee simple estate" on the date of taking.[26] Defendant acknowledges that the bollard wall was constructed about 10 years ago and existed before this case commenced.[27] Defendant seeks to compel the United States to disclose "cost information for the bollard fence/wall area on its property that was taken . . . because it is relevant to the appraised value of the bollard fence/wall which Defendant contends it is entitled

---

[19] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616–17 (5th Cir. 1977).
[20] *Newby v. Enron Corp.*, 394 F.3d 296, 305 (5th Cir. 2004).
[21] FED. R. CIV. P. 65(a)(5)(A).
[22] *Olivarez v. GEO Grp., Inc.*, 844 F.3d 200, 203 (5th Cir. 2016).
[23] *Cardenas v. Grozdic*, No. 12 C 292, 2013 U.S. Dist. LEXIS 114142, at *4 (N.D. Ill. Aug. 13, 2013) (cleaned up), *cited in* LEE H. ROSENTHAL, DAVID F. LEVI & JOHN K. RABIEJ, FEDERAL CIVIL PROCEDURE MANUAL § 12.19.5, at 624 n.640 (2015).
[24] Dkt. No. 1-1 at 10. Although the Court acknowledges that more takings are contemplated in this case, the Court considers the other takings substantively identical for purposes of the present motion. The other takings do not inhibit the Court's analysis.
[25] Dkt. No. 39 at 3, ¶ 10; Dkt. No. 41 at 4–5, ¶¶ 6–7; *see* Dkt. Nos. 41-8, 41-9 (easement conveyances).
[26] Dkt. No. 41 at 13, ¶ 23.
[27] Dkt. No. 39 at 3, ¶ 8.

to receive compensation for as part of this case."[28] Plaintiff first responds that the bollard wall was constructed entirely on the levee easement, which is under the United States' sole control, so the bollard wall's cost is irrelevant to determining the value of Defendant's land.[29] Defendant replies that the evidence is relevant to the appraisal value of the subject property.[30]

The Court agrees with the United States. The standard in an eminent domain case "is that the dispossessed owner 'is entitled to be put in as good a position pecuniarily as if his property had not been taken. He must be made whole but is not entitled to more.'"[31] This means that the value of the taking is "the difference in the value of the entire parent tract before the taking and the value of the portion remaining after the taking."[32] Therefore, the Court does not assess the value of a taking "as an unencumbered whole when it is not held as an unencumbered whole. . . . [T]he question is what has the owner lost, not what has the taker gained."[33] In short, Defendant is not entitled to any compensation for the value of the easement or bollard wall to the United States, but rather is entitled only to compensation for the property taken which was already encumbered by the easement and bollard wall. Although Defendant is certainly entitled to discovery regarding the extent to which the easement itself devalues the servient estate,[34] the interrogatories and requests for production that Defendant seeks to compel Plaintiff's response to all involve the cost or value of the "fence" on the subject property.[35] This information is not immediately relevant.

---

[28] *Id.* at 4, ¶ 14; *see* Dkt. No. 41 at 9 (listing the interrogatories and requests for production).
[29] Dkt. No. 41 at 14–15, ¶¶ 25–26.
[30] Dkt. No. 42 at 2, ¶ 2.
[31] *United States v. 320.0 Acres of Land, more or less in Monroe Cnty.*, 605 F.2d 762, 780 (5th Cir. 1979) (quoting *Olson v. United States*, 292 U.S. 246, 255 (1934)).
[32] *United States v. 8.41 Acres of Land, more or less, in Orange Cnty.*, 680 F.2d 388, 392 n.5 (5th Cir. 1982).
[33] *Augusta Power Co. v. United States*, 278 F.2d 1, 4–5 (5th Cir. 1960); *see id.* at 5 (holding a landowner "is limited to the value of the legal rights which it possesses").
[34] *United States v. 79.20 Acres of Land, more or less, in Stoddard Cnty.*, 710 F.2d 1352, 1355 (8th Cir. 1983).
[35] Dkt. No. 41 at 9.

However, Defendant appears to believe that, because the United States constructed the bollard wall for the real purpose of preventing illegal immigration rather than for flood control as permitted by the easement, the United States' ownership of the bollard wall is questionable, and if Defendant actually owned the bollard wall at the time of taking, the value of the bollard wall improvement must be part of Defendant's compensation.[36] However, both parties agree that the ownership of the bollard wall "need not be resolved at this time because it has no bearing on the relevance of the discovery Defendant seeks to compel here."[37] The Court agrees that it need not determine the ownership of the bollard wall at this time. Defendant may pursue discovery or seek to compel the disclosure of relevant ownership information at a later date.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court finds that the United States has carried its burden to demonstrate that Defendant's discovery requests seeking information about the cost or value of the fence on the subject properties is not relevant.[38] The Court accordingly **DENIES** Defendant's emergency motion to compel.[39] Defendant is not entitled to costs or attorneys' fees.[40]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 16th day of March 2021.

Micaela Alvarez  
United States District Judge

---

[36] *See* Dkt. No. 39 at 3–4, ¶¶ 10–11; Dkt. No. 42 at 1–2, ¶ 1.
[37] Dkt. No. 42 at 2, ¶ 1 (citing Dkt. No. 41 at 2 n.2).
[38] *See supra* notes 15–16.
[39] Dkt. No. 39.
[40] *See supra* note 21.