United States District Court
Southern District of Texas
**ENTERED**
March 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-cv-00154 |
| | § | |
| 4.620 ACRES OF LAND, more or less, in | § | Lead Case |
| HIDALGO COUNTY, TEXAS; and | § | |
| FULLER FARMS, | § | |
| | § | |
| Defendants. | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-cv-00170 |
| | § | |
| 8.570 ACRES OF LAND, more or less, in | § | Member Case |
| HIDALGO COUNTY, TEXAS; and | § | |
| FULLER FARMS, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

The Court now considers the parties' "Joint Motion for Leave of Court to Extend Scheduling Order Deadlines."[1] This case commenced in June 2020.[2] In October 2020, the Court originally set the first discovery deadline to designate expert witnesses and provide expert reports for January 29, 2021.[3] In December 2020, the Court revised that deadline to February 5, 2021.[4] In January 2021, the United States moved unopposed for an extension of deadlines.[5] The

---

[1] Dkt. No. 44.
[2] Dkt. No. 1.
[3] Dkt. No. 27 at 1.
[4] Dkt. No. 29 at 3.
[5] Dkt. No. 35.

Court granted the extension and continued the deadline to designate expert witnesses and provide expert reports to March 22, 2021.[6] The United States and its expert appraiser were unable to meet due "in large part due to the February 15-20, 2021 arctic blast which resulted in power outages throughout Texas, and subsequently, resulted in scheduling conflicts for [the expert appraiser] because of previous contractual obligations to other clients."[7] The parties subsequently rescheduled the expert appraisal to March 22, 2021, the same date as the expert designation and reports deadline.[8] In addition, Defendant landowner Fuller Farms intends to conduct further discovery into the ownership and value of a bollard wall on the property that Defendant contends affects just compensation for the taking.[9] The parties therefore request a 90-day extension to all deadlines to allow sufficient time to conduct all discovery and potentially settle the case.[10]

The parties again incorrectly assert that Federal Rule of Civil Procedure 6(b) governs the instant motion.[11] Rule 6(b) empowers the court to extend the time "[w]hen an act may or must be done within a specified time."[12] However, Rule 16(b)(4) concerns modifying a scheduling order, which is what the parties request.[13] Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." "There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): '(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to

---

[6] Dkt. No. 36.
[7] Dkt. No. 44 at 4, ¶ 5.
[8] *Id.*
[9] *Id.* at 5–6, ¶¶ 7–8.
[10] *Id.* at 7, ¶ 10.
[11] *Compare* Dkt. No. 35 at 1, *with* Dkt. No. 44 at 1.
[12] Fed. R. Civ. P. 6(b)(1).
[13] *See* Dkt. No. 44 at 7, ¶ 10.

cure such prejudice.'"[14] "No single factor is dispositive, nor must all the factors be present."[15] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[16]

The Court finds good cause in the parties' joint request. The Court finds that the two explanations for the delay are sufficient, that the extension is important to grant adequate time for discovery and negotiation in this case, and that neither party is prejudiced by the extension because the request is joint and there is no obvious prejudice caused by delay. Accordingly, the Court **GRANTS** the joint motion.[17] The Court enters the following schedule pursuant to Federal Rule of Civil Procedure 16(b). The following actions shall be completed by the dates indicated:

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline for all parties to designate expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | June 21, 2021 |
| Deadline for all parties to designate rebuttal expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | July 21, 2021 |
| Discovery deadline. Counsel may by agreement continue conducting discovery beyond the deadline, but no extension will be granted because of information acquired in post-deadline discovery.[18] | August 20, 2021 |
| Deadline to notify the Court whether the parties (1) consent to the Court deciding the issue of just compensation upon briefs and | September 6, 2021 |

---

[14] *Springboards To Educ., Inc. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019) (alterations in original) (quoting *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015)).
[15] *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 869 (5th Cir. 2010).
[16] *S&W Enters. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A ARTHUR R. MILLER, MARY KAY KANE & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)).
[17] Dkt. No. 44.
[18] *See* FED. R. CIV. P. 29(b). The parties have Court approval to stipulate to discovery extensions with the indicated limitation. The parties may not modify deadlines to accomplish Court filings without Court approval. Discovery is generally not filed. *See* LR5.4, LR26.1.

3 / 5

| | |
|---|---|
| evidence submitted therewith or (2) request an evidentiary hearing on the issue of just compensation.<br><br>N.B.[19]: Parties may request a jury trial or a special commission[20] or consent to a bench trial. There is no right to jury trial.[21] | |
| Deadline to file briefs and submit evidence (or anticipated evidence if an evidentiary hearing is requested) on the issue of just compensation.<br><br>N.B.: The Court will conduct a preliminary screening of the briefs and anticipated evidence submitted to determine whether the evidence is sufficient to order a jury trial if one is requested.[22] | October 4, 2021 |
| Deadline to file all pretrial motions, including any dispositive motions, except motions in limine which shall be filed with the Joint Pretrial Order. | November 3, 2021 |
| Deadline to file joint pretrial order, motions in limine, and proposed jury instructions (or proposed findings of fact & conclusions of law).[23] | December 3, 2021 |
| Final pretrial conference and trial scheduling, unless the parties elected for the Court to decide the issue of just compensation upon the briefs and evidence submitted therewith, in which case the conference is automatically cancelled. | January 10, 2022, at 9:00 a.m. |

---

[19] *See N.B.*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("Note well; take notice — used in documents to call attention to something important.").

[20] FED. R. CIV. P. 71.1(h).

[21] *Ga. Power Co. v. 138.30 Acres of Land*, 596 F.2d 644, 647 (5th Cir. 1979), *aff'd sub nom. Ga. Power Co. v. Sanders*, 617 F.2d 1112, 1113 (5th Cir. 1980) (en banc).

[22] *See United States v. 320.0 Acres of Land, More or Less in Monroe Cty.*, 605 F.2d 762, 819–20 (5th Cir. 1979); *United States v. 33.92356 Acres of Land, More or Less, in Vega Baja*, 585 F.3d 1, 8 (1st Cir. 2009) (citing *320.0 Acres*, 605 F.2d at 815) ("While the jury tries issues of valuation, the trial judge must screen the proffered best and highest uses . . . .").

[23] The Joint Pretrial Order must be in accordance with Appendix B of the Local Rules for the Southern District of Texas and must include the disclosures required by Federal Rule of Civil Procedure 26(a)(3).

This scheduling order supersedes any earlier schedule, is binding on all parties, and shall not be modified except by leave of Court upon showing of good cause.[24] All other deadlines not specifically set out in this scheduling order will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 22nd day of March 2021.

_____
Micaela Alvarez
United States District Judge

---

[24] *See* FED. R. CIV. P. 16(b)(4); 6A ARTHUR R. MILLER, MARY KAY KANE & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1522.2 (3d ed. 1998 & Supp. Oct. 2020).