United States District Court
Southern District of Texas
**ENTERED**
September 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-cv-00154 |
| | § | |
| 4.620 ACRES OF LAND, more or less, in | § | Lead Case |
| HIDALGO COUNTY, TEXAS; and | § | |
| FULLER FARMS, | § | |
| | § | |
| Defendants. | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-cv-00170 |
| | § | |
| 8.570 ACRES OF LAND, more or less, in | § | Member Case |
| HIDALGO COUNTY, TEXAS; and | § | |
| FULLER FARMS, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers "Defendant's Unopposed Motion for Jury Trial,"[1] and Plaintiff United States' consent.[2] The Court also considers Plaintiff "United States of America's Opposed Motion for Leave of Court for Entry of a Protective Order and to Quash Defendant Fuller Farms' Deposition Notice with Subpoena Duces Tecum"[3] and Defendant's response.[4] After considering the motions, record, and relevant authorities, the Court **GRANTS** Defendant's motion for a jury

---

[1] Dkt. No. 46.
[2] Dkt. No. 47.
[3] Dkt. No. 48.
[4] Dkt. No. 49.

trial, but **DENIES** Plaintiff United States' motion and declines to quash or issue a protective order precluding Defendant's requested discovery.

## I. JURY TRIAL

Under the Court's March 22, 2021 scheduling order, the parties had a September 6, 2021 deadline to "notify the Court whether the parties (1) consent to the Court deciding the issue of just compensation upon briefs and evidence submitted therewith or (2) request an evidentiary hearing on the issue of just compensation," including the parties' position on whether a jury trial should be held.[5] In compliance with that deadline, the parties submitted their positions. Defendant argues the Court should grant a jury trial,[6] and the United States is "not opposed to Defendant's request for a jury trial."[7] In light of the parties' positions, and the presumption in favor of a jury trial,[8] the Court **GRANTS** Defendant's motion for a jury trial in this case.[9]

## II. DISCOVERY

The parties strenuously dispute the relevance of a fence or wall comprised of metal bollards (the bollard wall) located on the property that the United States seeks to take in this eminent domain case. On March 16th, before discovery closed on August 20th, the Court issued an opinion and order denying Defendant's emergency motion to compel the United States to disclose cost information regarding the bollard wall because the Court held that Defendant was only entitled to just compensation for the taking of its servient estate already encumbered by the bollard wall easement, so the "cost or value of the 'fence' on the subject property . . . [was] not immediately

---

[5] Dkt. No. 45 at 3–4.
[6] Dkt. No. 46 at 3–4, ¶ 19.
[7] Dkt. No. 47 at 1.
[8] *See United States v. 2.6433 Acres of Land, more or less, in Hidalgo Cnty.* No. 7:08-cv-00302, 2021 WL 2073577, at *1, 2021 U.S. Dist. LEXIS 97459, at *3 (S.D. Tex. May 24, 2021) (Alvarez, J.) (citing *United States v. Leavell & Ponder, Inc.*, 286 F.2d 398, 408 (5th Cir. 1961)).
[9] Dkt. No. 46.

relevant."[10]   However, the Court added that Defendant's argument that "the United States constructed the bollard wall for the real purpose of preventing illegal immigration rather than for flood control as permitted by the easement" may be highly relevant because, "if Defendant actually owned the bollard wall at the time of taking, the value of the bollard wall improvement must be part of Defendant's compensation."[11]   That issue has now come to a head in the twilight hours of the parties' discovery period.

By a Federal Rule of Civil Procedure 29(b) stipulation allowed by the Court's scheduling order,[12] the parties continued the August 20th discovery deadline to September 10th.[13] On August 26th, Defendant Fuller Farms served its Rule 30(b)(6) deposition notice and subpoena duces tecum on the United States seeking more information regarding the bollard wall.[14]   The parties conferred repeatedly between August 28th and September 1st, but could not agree on the appropriate scope of discovery,[15] so the United States requests the Court quash Defendant's deposition noticed for September 8th and subpoena duces tecum.[16] The United States argues that the deposition and subpoena should be quashed because they seek "immaterial and privileged information regarding the 2008 installation of a bollard levee improvement," and impose a last-minute undue burden on the United States and its witnesses.[17] Defendant counters that the discovery sought is demonstrably relevant,[18] and is timely.[19]

---

[10] Dkt. No. 43 at 5.
[11] *Id.* at 6.
[12] Dkt. No. 45 at 3.
[13] Dkt. No. 48 at 2, ¶ 1.
[14] *See* Dkt. No. 48 at 2, ¶¶ 2–3.
[15] *Id.* ¶ 2.
[16] *Id.* at 1.
[17] *Id.* at 2–3, ¶ 3.
[18] Dkt. No. 49 at 5–6, ¶¶ 13–15.
[19] *Id.* at 8–9, ¶¶ 22–23.

### a. Legal Standards

"The district court may, for good cause, issue a protective order to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'"[20]  However, "[t]he federal courts have superimposed a somewhat demanding balancing of interests approach to the Rule."[21]  The good cause standard and the balancing of interests approach calls for more than a mere request; "[t]he movant bears the burden of showing that a protective order is necessary, 'which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'"[22]  Furthermore, "[i]t is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."[23]  Entering a protective order absent a particularized demonstration of good cause may constitute an abuse of discretion.[24]  Nevertheless, the protective order standard is more lenient than sealing judicial records.[25]  Federal Rule of Civil Procedure 26(c) governing the issuance of protective orders "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."[26]

Furthermore, the Court must quash or modify a subpoena that, among other grounds, fails to allow a reasonable time to comply with the subpoena or "subjects a person to undue burden."[27]  "In order to satisfy its burden, the objecting party must make a specific, detailed showing of how a request is burdensome."[28]  "To determine whether the subpoena presents an undue burden,

---

[20] *In re LeBlanc*, 559 F. App'x 389, 392 (5th Cir. 2014) (quoting FED. R. CIV. P. 26(c)(1)).
[21] *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016) (quotation omitted).
[22] *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)).
[23] *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979).
[24] *See In re Terra Int'l*, 134 F.3d at 306.
[25] *See Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417–18 (5th Cir. 2021).
[26] *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).
[27] FED. R. CIV. P. 45(d)(3)(A).
[28] *SEC v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (collecting cases).

[courts] consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed."[29]

### b. Analysis

In spite of the loquaciousness of the parties' briefs, their disagreement is chiefly over a single easily stated issue: is the ownership of the bollard wall on Defendant's property relevant? The United States responds "no," and argues that discovery should be strictly limited to "the market value of the parent tracts before the taking and their value after the 2020 taking," so Defendant's deposition topics concerning ownership of the bollard wall warrant the Court's protective order "because they have no conceivable relevance" to the issue of just compensation.[30]

The Court disagrees. As the Court explained in its March 16, 2021 opinion and order touching on this topic, if the United States did not actually possess the legal authority to construct the bollard wall on Defendant's property at the time it did so in approximately 2008, "the value of the bollard wall improvement must be part of Defendant's compensation," and Defendant may therefore "pursue discovery or seek to compel the disclosure of relevant ownership information" on the subject of bollard wall ownership.[31] This is precisely what Defendant seeks to do, and for good reason. As Defendant points out, the United States' own expert appraiser explains that his market value analysis of the subject property is "subject to the extraordinary assumption that the government was within its rights regarding the building of a bollard fence within its easement area

---

[29] *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *see RYH Properties, LLC v. West*, No. 5:08CV172, 2011 WL 13196550, at *2 (E.D. Tex. Feb. 3, 2011) (holding that courts "must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party").

[30] Dkt. No. 48 at 10, ¶ 18.

[31] Dkt. No. 43 at 6.

during the 2008 levee rehabilitation project."[32] The United States' appraiser elaborated that, although some evidence "lend[ed] credibility" to the proposition that governmental authorities constructed the bollard wall consistent with their levy easement over Defendant's property, "[a]ny evidence to the contrary may impact the conclusions of th[e] appraisal as it may impact the project influence requirement of the Uniform Standards of Federal Land Acquisitions."[33] Accordingly, evidence of the ownership of the bollard wall and the propriety of its construction on Defendant's property is obviously relevant to the market value of the property and the amount of just compensation. Because Defendant does not agree with the United States' appraiser's conclusion that the bollard wall was constructed consistently with the levy easement, Defendant "seeks discovery from Plaintiff on this issue."[34] Again, for good reason: the relevant easements grant only rights "for the purpose of constructing, reconstructing, extending, altering, improving, operating and maintaining *levees*" for "flood control purposes . . . or other flood protection works."[35] Defendant's argument that the United States cannot "refuse to answer any discovery when Defendant seeks to learn the basis under which they believe a security fence (with four-inch gaps between bollards) has a flood control purpose as the easements require,"[36] is well-taken, because the clearly water-pervious fence atop the concrete levy does not appear to comport with the levy easement.[37]

Defendant seeks to depose a representative on the bollard wall ownership topic, such as the "[b]asis under which USA asserts the bollard fence contributes to the operation and maintenance of the flood control levees" and "[k]nowledge of any legal memorandums or other

---

[32] Dkt. No. 49 at 5, ¶ 12 (quoting Dkt. No. 49-3 at 1).
[33] Dkt. No. 49-3 at 2, ¶ 15.
[34] Dkt. No. 49 at 5–6, ¶ 13.
[35] Dkt. No. 41-8 at 2 (emphasis added); *accord* Dkt. No. 41-9.
[36] Dkt. No. 49 at 6, ¶ 14.
[37] *Compare* Dkt. No. 49-2 at 1, *with* Dkt. No. 41-8 at 2.

analysis conducted before construction determining USA had the right to build the bollard fence on Fuller Farms properties."[38] Plaintiff United States' specific objection to Defendant's attempted discovery, and why the United States seeks a protective order, is difficult to discern. The United States argues that an order quashing discovery is warranted "because Defendant circumvented the time to produce documents under Rule 34 by improperly issuing a subpoena under Rule 45 to obtain discovery from the United States before the closing of discovery."[39] But the United States' confusing argument that Defendant should be prevented from conducting discovery within the discovery period *that the United States agreed to*[40] cites no supporting authority, and complains of a self-inflicted injury. The United States also appears to complain that Defendant's sought discovery is speculative and abusive,[41] in contravention of the United States' own appraisal expert who explained in his report that his valuation is contingent on "the extraordinary assumption that the government was within its rights regarding the building of a bollard fence within its easement area."[42] The United States argues that Defendant's sought discovery is repetitious,[43] but Defendant explains that its requests for production were answered "with only objections" and that Defendant is now attempting to obtain the information through a deposition "[r]ather than spend the Court's time on a motion to compel responses,"[44] which Defendant is entitled to select as a discovery strategy consistent with the Federal Rules of Civil Procedure governing discovery. The United States argues that Defendant's discovery will require "disclosure of privileged information,"[45] but the United States does not explain *what* privileged information should be covered by a protective

---

[38] Dkt. No. 49 at 4–5, ¶ 11.
[39] Dkt. No. 48 at 9, ¶ 17.
[40] *See* Dkt. No. 48-2 at 1.
[41] *See* Dkt. No. 48 at 11, ¶ 20 (citing *Montoya v. State Farm Lloyds*, No. 7:14-cv-182, 2015 WL 12940020, at *2 (S.D. Tex. Jan. 27, 2015) (Alvarez, J.)).
[42] Dkt. No. 49-3 at 1.
[43] Dkt. No. 48 at 11, ¶ 21.
[44] Dkt. No. 49 at 8, ¶ 21.
[45] Dkt. No. 48 at 11, ¶ 22.

order, or why the parties' existing protective order is insufficient to protect confidential or sensitive information.[46] The United States argues that Defendant's subpoena duces tecum provides an insufficient thirteen days to comply,[47] but all of the United States' legal citations for its argument permit discovery before the discovery deadline[48] and permit the Court to order a shorter-than-30-days deadline.[49] Again, the United States agreed to extending the discovery deadline from August 20th to September 10th, and cannot now complain that Defendant sought discovery between August 26th and September 8th. The Court rejects the United States' foregoing arguments for a protective order or for an order quashing discovery and condemns this example of the scattershot method of motion practice. The Court holds that the United States has not demonstrated good cause for entry of a protective order[50] and has not carried its burden to demonstrate that Defendant's discovery requests are unduly burdensome.[51]

The Court briefly turns to the United States' final argument that Defendant's sought discovery on an inverse condemnation case should be quashed. The parties agree that an August 30th e-mail "described with reasonable particularity the topics Defendant requests testimony on."[52] In that e-mail, Defendant explains that it seeks to depose an individual with knowledge of the deposition of Loren Flossman and Jose Nunez taken in *Bell v. United States*, No. 1:13-cv-00455-PEC (Fed. Cl. Oct. 2, 2019). Defendant seeks this information because it "learned that Loren

---

[46] *See* Dkt. No. 38.

[47] Dkt. No. 48 at 12, ¶ 23.

[48] *See Hernandez v. City of Corpus Christi*, No. 2:10-cv-186, 2011 WL 2194254, at *1 (S.D. Tex. June 6, 2011) (Jack, J.) (citation omitted) ("Regardless of whether made under Rule 34 or Rule 45, Plaintiff's request here is untimely, as discovery in this matter ended on March 31, 2011. It is well established that a party may not use Rule 45 subpoenas duces tecum or Rule 34 requests for productions to circumvent a discovery deadline.").

[49] *See* FED. R. CIV. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served . . . . A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.").

[50] *See supra* note 24.

[51] *See supra* note 28.

[52] Dkt. No. 48 at 7, ¶ 11 (citing Dkt. No. 48-4 at 3, ¶¶ i–j).

Flossman (Director of CBP) was deposed in that case and on information and belief admitted that the fence built on top of the levee was not a flood control purpose."[53] Plaintiff United States argues that the requested discovery "is irrelevant and immaterial, and is not reasonably calculated to lead to discovery of admissible evidence."[54] Defendant responds that it is unable to obtain information on Loren Flossman's deposition from more easily accessed sources, that its request is narrowly drawn and specific, and that the request is relevant because "Defendant is seeking discovery regarding the Plaintiff's right to install the border fence in 2008 which Plaintiff's appraiser has pointed to directly as a basis for his opinion of the value of just compensation owed."[55]

The Court agrees with Defendant that deposing an individual in this case with knowledge of whether the Director of United States Customs and Border Protection knew that the bollard wall was installed inconsistently with the United States' easement rights on Defendant's property is relevant information. The Court holds that such discovery is within the scope of Federal Rule of Civil Procedure 26(b)(1), even if the deposition would elicit hearsay testimony that would be inadmissible at trial,[56] because such information influences the appraisal value of the subject property. Although neither party discusses whether the deposition of Jose Nunez is appropriate, the Court assumes that such testimony is similarly relevant and declines to quash the deposition of Jose Nunez when the United States has not carried its burden to demonstrate the impropriety of such discovery.[57]

---

[53] Dkt. No. 49 at 3, ¶ 9.
[54] Dkt. No. 48 at 11, ¶ 21.
[55] Dkt. No. 49 at 7, ¶¶ 17–18.
[56] *See Chisum v. Mercedes-Benz USA, LLC*, No. CV 18-661-BAJ-EWD, 2021 WL 1940628, at *4 (M.D. La. Apr. 20, 2021) (holding that discovery and admissibility are different issues).
[57] *See supra* note 23.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court **GRANTS** Defendant's motion for a jury trial,[58] but **DENIES** Plaintiff United States' motion for entry of a protective order and to quash Defendant's deposition or subpoena duces tecum.[59] However, since the deposition date has now passed, the Court grants a 30-day time limit for the completion of the deposition and production of documents.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 9th day of September 2021.

_____
Micaela Alvarez
United States District Judge

---

[58] Dkt. No. 46.
[59] Dkt. No. 48.