UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:20-cv-00154 |
| 4.620 ACRES OF LAND, more or less, in HIDALGO COUNTY, TEXAS; and FULLER FARMS, | § | Lead Case |
| Defendants. | § | |
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:20-cv-00170 |
| 8.570 ACRES OF LAND, more or less, in HIDALGO COUNTY, TEXAS; and FULLER FARMS, | § | Member Case |
| Defendants. | § | |

**OPINION AND ORDER**

The Court now considers "Defendant's Opposed Motion for Leave to File Motion for Continuance and Motion for Continuance,"[1] Plaintiff's response,[2] and Defendant's reply.[3]

On March 22, 2021, this Court entered its third amended scheduling order, which provided for the close of discovery in August 2021 and for all dispositive motions to be filed by November 3rd.[4] On November 3rd, the parties filed numerous motions including Plaintiff's motion to exclude

---

[1] Dkt. No. 78.
[2] Dkt. No. 79.
[3] Dkt. No. 80.
[4] Dkt. No. 45.

Defendant's expert evidence.[5] On December 20, 2021, the Court granted Plaintiff's motion to exclude in part, which excluded significant portions of Defendant's expert's opinions for violating the unit rule.[6] Defendant promptly moved for reconsideration,[7] which the Court denied on January 25, 2022.[8] In the instant January 27th motion, although recognizing that the discovery and pretrial motions deadlines are long passed, Defendant argues that the Court should modify its scheduling order to permit resubmission of Defendant's expert Leonel Garza III's appraisal report because Defendant did not anticipate Mr. Garza's opinions and report being excluded in part, which are arguably crucial evidence to establishing the value and just compensation for the taking of Defendant's property.[9] Defendant argues that prejudice will result by *not* permitting an extension,[10] and that a continuance is available to permit Plaintiff to "rebut Mr. Garza's report, depose Mr. Garza, and file any motion to strike this new report" and such discovery could take place while the parties await a trial setting.[11] Plaintiff United States responds that it will be "severely prejudiced if Defendant is allowed a re-do at this stage in the case to produce an untimely report" that accords with the Court's rulings.[12]

The Court first notes that the pretrial motions deadline has lapsed, so Defendant's motion to reopen discovery and resubmit its expert report shall not be considered unless the Court extends the time to consider the motion under Federal Rule of Civil Procedure 6(b)(1)(B) for good cause and Defendant's excusable neglect. However, whether good cause and excusable neglect exist for the late filing of Defendant's motion is heavily predicated on the danger of prejudice to Plaintiff

---

[5] Dkt. Nos. 52–54.
[6] Dkt. No. 72.
[7] Dkt. No. 73.
[8] Dkt. No. 77.
[9] Dkt. No. 78 at 4, ¶¶ 8–9.
[10] *Id.* ¶ 9.
[11] *Id.* at 5, ¶¶ 10–11.
[12] Dkt. No. 79 at 4, ¶ 5.

and reason for the delay,[13] which are similar considerations to the factors considered under Rule 16(b)(4) to extend a scheduling order. Therefore, the inquiry as to whether Defendant should be permitted to file a late motion and whether the scheduling order should be extended are essentially rolled into one analysis. "There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): '(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice.'"[14] These factors control motions to reopen discovery and resubmit expert reports.[15] "No single factor is dispositive, nor must all the factors be present."[16] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[17] Furthermore, the Court does not possess unlimited discretion to allow umpteen extensions.[18] As William Gladstone and the Fifth Circuit powerfully put it, "justice delayed is justice denied,"[19] and the Court may "refuse to do litigants' work for them" by granting numerous extensions when the parties fail to diligently comply with the Court's scheduling order.[20] "A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"[21]

---

[13] *See Pioneer Inv. Servs. v. Brunswick Assocs. LP*, 507 U.S. 380, 395 (1993).
[14] *Springboards To Educ., Inc. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019) (alterations in original) (quoting *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015)).
[15] *See Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009) (Hacker, J.).
[16] *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 869 (5th Cir. 2010).
[17] *S&W Enters. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A ARTHUR R. MILLER, MARY KAY KANE & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)).
[18] *Cf. In re United States ex rel. Drummond*, 886 F.3d 448, 450 (5th Cir. 2018).
[19] *Id.*
[20] *Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 968 F.3d 357, 374 (5th Cir. 2020).
[21] *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Defendant's argument for a continuance is little more than the assertion that discovery must reopen after the Court issues a Federal Rule of Evidence 702 ruling that excludes certain important expert testimony. However, this argument is infinitely recursive. If Defendant was correct, every federal case in which discovery closed would be compelled, upon motion, to reopen discovery and continue the case so long as any party suffered an adverse interlocutory Rule 702 judgment. But this Court held in *Recif Resources, LLC v. Juniper Capital Advisors, L.P.* that "[a] party is not entitled to provide an inadequate expert report . . . and then provide a new report after the Court rules on the opposing party's *Daubert* [Rule 702] challenge."[22] Defendant challenges this precedent, arguing that *Recif Resources* centered its holding on the fact that the expert there "had the opportunity to cure the conclusory opinion defects."[23] But as the United States points out, Defendant had adequate opportunity to realize its expert report deficiency "early during expert discussion interviews or after the United States deposed Mr. Garza and questioned him extensively on this deficiency."[24] Indeed, as the Court held in its opinion denying reconsideration, "Mr. Garza conducted his appraisal in express disregard of the unit rule," not in ignorance.[25] Mr. Garza, like the expert in *Recif Resources*, could have cured his report before the eleventh hour. Defendant also argues that *Recif Resources* is inapposite because the Court excluded Mr. Garza's report and opinions in part for a novel and unforeseeable reason,[26] but this Court already rejected the

---

[22] No. 4:19-cv-2953, 2020 WL 11025601, at *3 (S.D. Tex. Nov. 10, 2020) (Atlas, J.); *see Target Strike, Inc. v. Marston & Marston, Inc.*, No. SA-10-CV-0188-OLG NN, 2011 WL 2215989, at *1 (W.D. Tex. June 6, 2011) ("Target Strike's reliance on Rule 26's provisions for supplementing an expert witness do not apply after an expert has been excluded.").
[23] Dkt. No. 80 at 2, ¶ 3.
[24] Dkt. No. 79 at 8, ¶ 14.
[25] *United States v. 4.620 Acres of Land, more or less, in Hidalgo Cnty.*, No. 7:20-cv-00154, 2022 WL 214636, at *3 (S.D. Tex. Jan. 25, 2022) (Alvarez, J.), Dkt. No. 77 at 9.
[26] Dkt. No. 80 at 2–3, ¶ 4.

argument that the exclusion was unforeseeable when Defendant made the same argument urging reconsideration.[27]

Defendant also dismisses the United States' assertions of prejudice, arguing that Plaintiff will likely not need to conduct further discovery, and even if Plaintiff does so, there will be little additional expense because Plaintiff's counsel "are salaried employees so any additional time they spend is not prejudicial."[28] Defendant zealously argues that, "[f]or Plaintiff to assert it is prejudiced, they would have to essentially argue they do not want to fairly compensate the landowner."[29] Defendant erroneously argues that continuances and additional discovery are cost-free or cost-minimal. However, the United States would be required, upon the reopening of discovery, "to expend time and money to retain its own expert to review Defendant's new report" and to conduct any necessary further discovery, on top of the time and money already expended to date.[30] Eminent domain cases must be fair to the public, which is footing the bill for the taking and all pretrial procedures and the Court's adjudications thereon, *and* to the landowner.[31] The Court finds that reopening discovery would be costly and prejudicial to the United States.

In sum, Defendant propounds an inadequate explanation for not complying with the Court's scheduling order. Instead of revising its expert report, Defendant chose to defend the report vigorously and repeatedly.[32] Having lost that bid, Defendant now seeks to step back in time and dismisses the costs and prejudice of doing so. While, again, the Court "is sympathetic to the gravity of holding Defendant's expert's appraisal opinions partially inadmissible,"[33] the Court holds that

---

[27] *4.620 Acres of Land*, 2022 WL 214636, at *2–3, Dkt. No. 77 at 5–7.
[28] Dkt. No. 80 at 4, ¶ 8.
[29] Dkt. No. 78 at 3, ¶ 6.
[30] Dkt. No. 79 at 9, ¶¶ 17–18.
[31] *See United States v. 564.54 Acres of Land, more or less, situated in Monroe & Pike Ctys.*, 441 U.S. 506, 512 (1979); *Bauman v. Ross*, 167 U.S. 548, 574 (1897).
[32] *See* Dkt. Nos. 57, 73.
[33] Dkt. No. 77 at 9.

good cause does not exist under Federal Rule of Civil Procedure 16(b)(4) to heavily modify the Court's scheduling order. The Court is entitled to enforce its scheduling orders and bring this case to a conclusion, even when such enforcement excludes important testimony,[34] and therefore **DENIES** Defendant's motion for a continuance.[35]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 23rd day of February 2022.

_____
Micaela Alvarez
United States District Judge

---

[34] *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996).
[35] Dkt. No. 78.